UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA SQUALLS-EL,

       Plaintiff,                      CIVIL ACTION NO. 09-11110

       v.                               DISTRICT JUDGE STEPHEN J. MURPHY III

PATRICK M. DOHANY,            MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendants
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

      This is a *pro se* action against Patrick Dohany, the Oakland County Treasurer, arising out of the foreclosure of property allegedly owned by Dorothy Squalls. Plaintiff asserts that she has power of attorney over Dorothy Squalls. The matter comes before the court on defendant's Motion to Dismiss (D/E #4). No response was filed to the motion. On May 27, 2009, the court held a hearing on the motion, but plaintiff did not appear. For the reasons stated below, this court recommends that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be dismissed with prejudice.

### II. Background

      On March 25, 2009, plaintiff filed the complaint against defendant in this action (D/E #1). In that complaint, plaintiff alleges that she has power of attorney over Dorothy Squalls,

who is a ninety year-old woman. Plaintiff also alleges that, because Dorothy Squalls was behind on her property taxes in the amount of $42,697.54, plaintiff sent defendant a "surety bond" in the amount of $60,000. Plaintiff further alleges that at a hearing on February 11, 2009, the Oakland County Treasurer denied the surety bond, saying that it was a promissory note and plaintiff had to pay in cash. The complaint concluded with:

> Oakland County Treasurer has received payment from me. They haven't given me anything to prove that a surety bond is not payment. They haven't given me anything lawful stating that they have the right to accept one method of promissory note (cash) and decline another method of promissory note. Oakland County Treasurer was paid and they are still trying to take the properties. They were given the proper instruments to discharge the debt and they still won't do it. They have returned every document sent to them but they will not return the surety bond. They cannot keep payment and take the properties.

On April 14, 2009, defendant filed the motion to dismiss pending before the court (D/E #4). In that motion, defendant argues that plaintiff's complaint should be dismissed because plaintiff failed to state the basis for the court's jurisdiction and because plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[1] Defendant also attached the transcript of a state court hearing on the petition for foreclosure and a judgment of foreclosure dated February 11, 2009.

Plaintiff did not file a response to the motion to dismiss and the time for filing a response has passed. (D/E #6). On May 27, 2009, this court held a hearing on the motion. Plaintiff did not appear at the hearing.

---

[1]The *Rooker-Feldman* doctrine takes it name from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

**III. Standard of Review**

Defendant states that he is moving for dismissal pursuant to Fed. R. Civ. P. 12(b) without identifying which part of that rule he relies on in seeking dismissal. However, it appears that defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1), which provides that an action may be dismissed for lack of subject-matter jurisdiction. "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003) (quoting Rogers v. Stratton Indus., 798 F.2d 913, 916 (6th Cir. 1986).

**IV. Discussion**

In the motion to dismiss, defendant argues that plaintiff's complaint must be dismissed because she does not identify the basis for federal court jurisdiction and because her claims are barred by the *Rooker-Feldman* doctrine. In this court's view, both of defendant's arguments are correct and plaintiff's complaint should be dismissed.

**A. Federal Jurisdiction**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. See Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Diversity of citizenship does not exist in this case as plaintiff alleges that both she and defendant are residents of Michigan. See 28 U.S.C. § 1332; Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, *i.e.* where no plaintiff is the citizen of the same state as any defendant). Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question.

In "determin[ing] whether [a] claim arises under federal law," the court looks only to the "well-pleaded allegations of the complaint and ignore potential defenses" that the defendant may raise. Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir.2007) (en banc) (internal quotation marks omitted). Even "defense[s] that rel[y] on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute," Mikulski, 501 at 560 (internal quotation marks omitted), or that are "anticipated in the plaintiff's complaint" are irrelevant, as they do not form "part of a plaintiff's properly pleaded statement of his or her claim," Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (internal quotation marks omitted). "Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the

allegations, no matter how the plaintiff casts them, ultimately involve a federal question." Ohio ex rel. Skaggs, 549 F.3d at 475.  In addition to causes of action expressly created by federal law, federal-question also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.  See Mikulski, 501 F.3d at 560; City of Warren v. City of Detroit, 495 F.3d 282, 286 (6th Cir. 2007).

Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). However, even with that liberal construction, plaintiff has failed to properly identify a federal question in this case.  As argued by defendant, plaintiff's complaint does not contain a short and plain statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).  Plaintiff did check a box marked "U.S. Government Defendant" as a basis for jurisdiction on the Civil Cover Sheet attached to her complaint, but there is no federal government defendant in this case.  Similarly, the body of plaintiff's complaint fails to identify any federal questions or any federal statutes plaintiff relies on.  Therefore, plaintiff's well-pleaded complaint does not raise a federal question and her claim does not arise under federal law.

As discussed above, generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties.  Caterpillar Inc., 482 U.S. at 392.  Neither of

those two bases for jurisdiction are present here and, consequently, plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("[T]his Court's appellate jurisdiction over state-court judgments ... precludes a United States district court from exercising subject-matter jurisdiction."); Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) ("The [*Rooker-Feldman*] doctrine is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts."). The *Rooker-Feldman* doctrine applies in those circumstances where a party initiates an action in federal district court "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil, 544 U.S. at 291. The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim "is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." Lawrence, 531 F.3d at 368 (quoting McCormick v. Braverman, 451 F.3d 382, 394 (6th Cir. 2006)). "This is true regardless of whether the party challenges the validity of the state court judgment on

constitutional grounds." In re Cook, 551 F.3d 542, 548 (6th Cir. 2009) (citing Lawrence, 531 F.3d at 369).

In this case, it appears that plaintiff alleges that the state court judgment, and the subsequent foreclosure, are the source of her injury. To the extent plaintiff does make such a claim, she seeks review and rejection of that judgment in federal court and her claim is barred by the *Rooker-Feldman* doctrine.[2]

## V. Conclusion

For the reasons discussed above, the court recommends that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[2]It is possible that plaintiff merely seeks the return of the promissory note that she allegedly sent to defendant. To the extent plaintiff only seeks that relief, her complaint is not barred by the *Rooker-Feldman* doctrine. However, as discussed above, her complaint should still be dismissed due to the lack of subject-matter jurisdiction.

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: May 29, 2009

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 29, 2009.

                    s/J. Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan